### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DERRICK KRUGER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) |
| | )   CIVIL NO. 12-674-GPM |
| **DELMAC MACHINERY GROUP INC.,** | ) |
| **SCM GROUP NORTH AMERICA, INC.,** | ) |
| **JOWAT CORPORATION, and TAPPERS,** | ) |
| **INC., d/b/a WESTLUND DISTRIBUTING,** | ) |
| | ) |
| **Defendants** | ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). *See Foster v. Hill,* 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction").

Defendant Tappers Inc., removed this case from the Circuit Court of Twentieth Judicial Circuit, St. Clair County, Illinois on June 1, 2012 subject to 28 U.S.C. §§ 1441, 1446, claiming that this Court has original jurisdiction over the action pursuant to the complete diversity of the parties, as per 28 U.S.C. § 1332 (Doc. 2). However, Defendant fails to properly allege Plaintiff's citizenship. The complaint states the "plaintiff is a resident of Illinois" (Doc. 2). An allegation of "residence" as opposed to "citizenship" is insufficient. *See Pollution Control Industries of America, Inc. v. Van Gundy,* 21 F.3d 152, 155 (7th Cir. 1994).

"[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities (however high)." *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995). Accordingly, pursuant to 28 U.S.C. § 1653, Defendant, the proponent of federal jurisdiction, is **ORDERED** to file an Amendment to the Notice of Removal **on or before June 8, 2012**, to establish Plaintiff's citizenship. If Defendant fails to file an Amendment to the Notice of Removal in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish federal subject matter jurisdiction, the Court will remand the action for lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "it is not the court's obligation to lead [parties] through a jurisdictional paint-by-numbers scheme. Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear").

**IT IS SO ORDERED.**

DATED: June 1, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge